T.C. Summary Opinion 2005-146

UNITED STATES TAX COURT

RICHARD B. MAY AND JANE M. MAY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5032-04S.              Filed October 11, 2005.

Richard B. May and Jane M. May, pro sese.

<u>Jennifer S. McGinty</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 1996
and 1997, the taxable years in issue.  All monetary amounts are
rounded to the nearest dollar.

Respondent determined deficiencies in, and an addition to, petitioners' Federal income taxes for the taxable years 1996 and 1997 as follows:

|  | | Addition to tax |
| Year | Deficiency | Sec. 6651(a)(1) |
| 1996 | $10,385 | $200 |
| 1997 | 6,878 | --- |

After petitioners' concessions,[2] the issue for decision is whether petitioner Richard B. May (petitioner) elected under section 469(c)(7)(A) to treat his various rental real estate activities as a single activity for the years in issue.  We hold that he did not.

An adjustment to the amount of petitioners' itemized deductions for each of the years in issue is a purely computational matter, the resolution of which is dependent on our disposition of the disputed issue.

### Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts, supplemental stipulation of facts, and accompanying exhibits.

---

[2] Petitioners concede:  (1) They are not entitled to claim the dependency exemption deductions disallowed by respondent in the notice of deficiency, and (2) they are liable for the addition to tax for failure to timely file their Federal income tax return for 1996.

At the time that the petition was filed, petitioners resided in Buffalo, New York.

During the years in issue, petitioner worked for the City of Buffalo as a court advocate in a program known as Hispanics United of Buffalo. In his civil service job, petitioner worked approximately 28-30 hours per week. Petitioner Jane M. May (Mrs. May) worked as a full-time teacher for the Buffalo Board of Education.

Since 1974, petitioner has been buying, selling, renting, and managing real estate properties.[3] At the beginning of 1996, he owned 18 doubles consisting of 36 rental units, two lots, and three garages in North Buffalo, New York.[4] (These properties are collectively referred to as the rental properties.) By the end of 1996, he had sold two of the doubles. During the years in issue, he rented approximately 30 of the units to tenants with special needs, e.g., handicapped people, senior citizens, and people receiving social services, and he rented the remaining units to other tenants. Petitioner personally manages the rental properties, which includes finding tenants for the units, collecting and depositing rent, making the mortgage payments, and inspecting the units. Although petitioner makes minor repairs,

---

[3] On the basis of the record, it appears that Mrs. May was not involved in petitioner's real estate activities.

[4] "Doubles" are residential duplexes with units situated on the ground and second levels.

he hires independent contractors for major repairs.  In addition, he assists his tenants with various tasks, including completing paperwork for those tenants receiving social services. Petitioner spends approximately 40-45 hours per week managing the rental properties.

In 1996, petitioners hired Joseph Mineo, a certified public accountant, to prepare their 1993 return.  Mr. Mineo continued to prepare petitioners' returns for all relevant years.

Petitioners attached to their 1993 return a Schedule E, Supplemental Income and Loss, on which they aggregated petitioner's rental income and expenses as if petitioner's rental real estate activities were a single activity.  Petitioners consistently followed this practice on the Schedules E attached to their 1994, 1995, 1996, and 1997 returns.  Petitioners, however, did not attach to any of these returns a statement electing to treat petitioner's rental real estate activities as a single activity.

On April 13, 1999, petitioners filed a joint Federal income tax return for 1996.  On April 4, 2000, petitioners filed a joint return for 1997.  Petitioners attached to each of these returns a Schedule E on which they identified the rental real estate property as "Res Rental, Buffalo, NY" and claimed the following:

| Year | Rents received | Total Expenses (Including Depreciation) | Net loss |
|------|----------------|------------------------------------------|----------|
| 1996 | $94,050 | $167,397 | $73,347 |
| 1997 | 87,030 | 154,324 | 67,294 |

In the notice of deficiency, respondent determined, inter alia, that petitioner's rental real estate losses were passive activity losses that were limited to $25,000 each year.

Petitioners timely filed a petition with the Court disputing respondent's determinations.

### Discussion[5]

Generally, section 469 disallows a deduction for passive activity losses incurred by individual taxpayers for the taxable year. Sec. 469(a)(1). A passive activity loss is the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for such year. Sec. 469(d)(1). In general, a passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). Rental activities are presumptively passive, without regard to whether the taxpayer materially participates in the activity. Sec. 469(c)(2), (4).

The presumptive rule that a rental activity is a passive activity, however, does not apply to the rental real estate

---

[5] We decide this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a) is applicable in this case. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

activities of a taxpayer in the real property business (real estate professional) if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B).

This exception applies as if each interest of the taxpayer in rental real estate were a separate activity unless the taxpayer elects to treat all interests in rental real estate as a single rental real estate activity. Sec. 469(c)(7)(A); see sec. 1.469-9(g)(1), Income Tax Regs. To make such an election, the taxpayer must file a statement with the taxpayer's original income tax return for the taxable year declaring that he or she is a qualified taxpayer for the taxable year and is making the election pursuant to section 469(c)(7)(A). Sec. 1.469-9(g)(3), Income Tax Regs. Such an election is binding for the taxable year in which it is made and for all future years in which the taxpayer is a qualifying taxpayer even if there are intervening years in which the taxpayer is not a qualifying taxpayer. Sec. 1.469-9(g)(1), Income Tax Regs. The election may be made in any year in which the taxpayer is a qualifying taxpayer, and the

failure to make the election in one year does not preclude the taxpayer from making the election in a subsequent year.  Id.

For purposes of the real estate professional exception, the parties agree that petitioner materially participated in his rental real estate activities only if his rental real estate activities are treated as a single activity.  See 469(h)(1); sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988).  The parties further agree that petitioner would not satisfy the material participation requirement to qualify as a real estate professional with respect to each of petitioner's rental properties considered separately.  Therefore, the issue in dispute is whether petitioner elected to treat his rental real estate activities as a single activity pursuant to section 469(c)(7)(A).

The Omnibus Budget Reconciliation Act of 1993 (OBRA), Pub. L. 103-66, sec. 13143(a), 107 Stat. 440, added section 469(c)(7)(A) to the passive activity loss rules effective for taxable years beginning after December 31, 1993.  Under section 469(c)(7)(A), a taxpayer may elect to treat all interests in rental real estate as one activity for purposes of qualifying as a real estate professional.  Section 1.469-9(h), Proposed Income Tax Regs., 60 Fed. Reg. 2561 (Jan. 10, 1995), required a taxpayer wishing to make such an election to file a statement with the taxpayer's original return declaring that the election is under

section 469(c)(7)(A).  The final regulation, which is substantially the same as the proposed regulation, became final on December 22, 1995, and is generally effective for taxable years beginning on or after January 1, 1995, and to elections made under section 1.469-9(g), Income Tax Regs., with returns filed on or after January 1, 1995.  See sec. 1.469-11(a)(3), Income Tax Regs.  Therefore, to satisfy the literal requirements for making an election to treat all rental real estate activities as a single activity under section 469(c)(7)(A), a taxpayer must file an election with his or her original return.

Petitioners concede that they did not attach to any relevant return a statement electing to treat petitioner's rental real estate activities as a single activity.  Therefore, petitioner did not satisfy the literal requirements of section 469(c)(7)(A) to treat all interests in rental real estate as a single activity.

Petitioners contend, however, that they made a "deemed election" by consistently aggregating the rental income and expenses from the rental properties on their tax returns since 1993.  Petitioners assert that such practice complies with the OBRA sec. 13143(a), 107 Stat. 440, and the regulations thereunder.[6]  In petitioners' view, this practice of aggregating

---

[6] Petitioners appear to rely on sec. 1.469-9(d)(2), Income Tax Regs., for the proposition that a taxpayer must be consistent
(continued...)

the rental income and expenses as a single activity on Schedule E constitutes "a significant revelation to the Commissioner that that's how the taxpayer [petitioner] was electing to act" to treat his rental properties as a single activity.  We disagree.

In Kosonen v. Commissioner, T.C. Memo. 2000-107, the taxpayer aggregated his rental income and expenses in one column on the Schedules E attached to his 1994, 1995, and 1996 returns.  Similar to the petitioners in the instant case, the taxpayer in Kosonen argued that aggregating his rental activity losses on his returns showed that he had elected to treat his rental real estate activities as a single activity under section 469(c)(7).  The Court held, however, that the fact that the taxpayer aggregated his losses was not clear notice that he intended to elect under section 469(c)(7).[7]  The Court reasoned that a taxpayer must clearly notify the Commissioner of the taxpayer's intent to make an election.  Kosonen v. Commissioner, supra (citing Knight-Ridder Newspapers Inc. v. United States, 743 F.2d

---

[6](...continued)
in the treatment of his or her real property trades or businesses.  This section, however, is not determinative of the issue in dispute.

[7]  The Court expressly noted that the instructions for the 1994 Form 1040, U.S. Individual Income Tax Return, and Schedule E, Supplemental Income and Loss, required the taxpayer to aggregate his rental real estate losses; thus, the fact that the taxpayer had done so was not clear notice that he intended to make the election under sec. 469(c)(7).  See Kosonen v. Commissioner, T.C. Memo. 2000-107.

781, 795 (11th Cir. 1984)).  To make an election, "the taxpayer must exhibit in some manner * * * his unequivocal agreement to accept both the benefits and burdens of the tax treatment afforded" by the governing statute.  <u>Kosonen v. Commissioner</u>, <u>supra</u> (quoting <u>Young v. Commissioner</u>, 83 T.C. 831, 839 (1984), affd. 783 F.2d 1201 (5th Cir. 1986)).  "A taxpayer has not made an election if it is not clear from the return that an election has been made." <u>Id.</u>

### Conclusion

On the basis of the record, it is not clear from any of petitioners' relevant returns that petitioner made an election under section 469(c)(7)(A).  Petitioners' consistent treatment of aggregating the rental income and expenses on their Schedules E is not a deemed election to treat the rental real estate activities as a single activity under the requirements of section 469(c)(7)(A).  Accordingly, petitioner did not elect to treat his rental real estate activities as a single activity under section 469(c)(7)(A).  Respondent's determination is therefore sustained.

Although petitioner does not qualify as a real estate professional, respondent allowed petitioners to deduct $25,000 for each of the taxable years in issue pursuant to the $25,000 offset for rental real estate activities under section 469(i).

We have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issue, as well as petitioners' concessions,

<u>Decision will be entered</u>

<u>for respondent</u>.